[File No. 6916]

ANNA O. SCHOTT, Respondent, v. DAVID ENANDER and
ALICE ENANDER, Appellants.

(15 NW(2d) 303)

Opinion filed February 25, 1944. On rehearing July 29, 1944

*F. F. Wyckoff,* for appellants.

*R. E. Swendseid,* for respondent.

Morris, Ch. J. This is an action by the original owner to recover a tract of land that was forfeited to Mountrail County for nonpayment of taxes and sold by the County to the defendants on contract. The defendants appeal from a judgment quieting title in the plaintiff.

The amended complaint alleges that the plaintiff is the owner and that she leased the premises to the defendants, who are husband and wife, in the spring of 1934 and from year to year thereafter for a cash rental of $25 per year payable in advance. The defendants entered into possession under the lease and paid the rent up to and including the year 1939 but failed to pay the rent for 1940 and subsequent years. The complaint further states that the land was sold to Mountrail County on tax sale and that the defendants purchased same from the County under a contract for deed in December 1940; that the defendants concealed all of the facts from the plaintiff and the plaintiff had no knowledge thereof until the year 1941. The complaint also alleges in a second cause of action that the defendants claim certain estate or interest in said real estate adverse to the plaintiff based upon an alleged purchase from Mountrail County and sets up that the tax sale to the County and the sale by the County to the defendants are void because of certain defects in the procedure by which the County obtained tax deed. The plaintiff prays that the defendants be required to set up their adverse claims, that their validity be determined and that the same be adjudged void and that the title be quieted as against the defendants.

The answer contains a general denial and the further allegation that: "Defendants admit that heretofore the plaintiff leased said land to the

defendant, David Enander, from year to year on a cash rental basis and admit that the defendant, David Enander, owes the plaintiff the sum of $25.00, as rental for the year 1940."

The answer also admits and alleges that Mountrail County acquired tax deed and sold the land to the defendant, David Enander, who is the owner and holder thereof and entitled to possession of the premises. The defendants pray for the dismissal of the action and for a judgment of costs and disbursements.

The primary issue is the validity of the proceedings that culminated in the issuance of a tax deed to the County. The plaintiff failed to pay the second installment of the taxes for 1932 and all of the taxes for the years 1933, 1934 and 1935. At the tax sale held on December 12, 1933 the County became the purchaser and at the time of later tax sales the County became the owner of the subsequent taxes levied upon the land for the years above set forth. On May 11, 1940, the county auditor issued a notice of expiration of the period of redemption and caused the same to be published as prescribed by ch 235, N. D. Sess. Laws 1939. The notice was also served by mailing copies thereof to the following: John P. Schott, Chicago, Ill., Anna Olson, Chicago, Ill., and D. L. Thompson, Stanley, N. D. Before mailing the copies as aforesaid, the auditor requested of and obtained from the clerk of the district court and the register of deeds certified lists giving the names and addresses on record of all persons who appeared interested as owners, mortgagees, lien holders or otherwise in the land described in the notice. N. D. Sess. Laws 1939, § 1 (3)(a), c 235. The plaintiff made no redemption and tax deed was issued to the County on October 1, 1940. On December 27, 1940, the County sold the land on contract for deed to the defendants.

The first contention deals with the sufficiency of the service on the plaintiff of the notice of expiration of period of redemption. The applicability of c 235, N. D. Sess. Laws 1939 is not questioned. The publication of the notice in a manner sufficient to comply with the statute is stipulated and is no longer an issue. The service by mail is strenuously challenged on two grounds. The first deals with the notice mailed to "John P. Schott, Chicago, Illinois." It is argued that the addressee never received the notice; that it was returned from

Chicago by the U. S. Post Office stamped "insufficient address" and therefore such mailing was not suffiicent to comply with the statute. The legislature saw fit to provide that: "Notice shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, and also to each mortgagee, lien holder or other person interested therein as may appear from the records of the office of register of deeds and clerk of the district court. It shall be the duty of the register of deeds and clerk of the district court within ten days after request by the county auditor to furnish him with a certified list giving the names, and so far as they appear on the records in the office of the register of deeds and clerk of the district court, the addresses of all persons who appear to be interested as owners, mortgagees, lien holders or otherwise in such real estate which has been sold to the county for taxes as may be specified by the county auditor in making such request." N. D. Sess. Laws 1939, § 1(3)(a) c 235.

In Jensen v. McHenry County, 59 ND 42, 228 NW 451, this court considered the sufficiency of the service of notice on a nonresident owner under a former statute (Supplement to Comp. Laws, § 2202) which required the county auditor to make "reasonably diligent inquiry" to ascertain the post office address of the owner. We held that the service was insufficient because the county auditor did not make such inquiry as the statute contemplated and we remarked, "The most natural action would be for the county auditor to ascertain from the register of deeds what was the address of the record owner." By the 1939 act, the legislature, instead of leaving it to the reasonably diligent inquiry of the auditor to determine the address, provided specifically how he should get the information and imposed upon the register of deeds and clerk of the district court the duty of furnishing the auditor the names and addresses appearing in their respective offices. In this case the statute was followed and the procedure proscribed for obtaining the address was adhered to. There was no obligation on the part of the auditor to go beyond what the statute prescribed in obtaining information as to the address of the record owner. Axt v. Bank of America, 72 ND 600, 10 NW 2d 430.

The next question is whether service was made upon the occupant

or tenant in possession as prescribed by § 1(3)(a) ch 235, N. D. Sess. Laws 1939 quoted above.

On examination before trial, David Enander testified that he leased the land in question in 1933 or 1934 through agents of the plaintiff for $25 per year. He went into possession of the land and had been in possession ever since. He owed rent for the year 1940. The plaintiff never wrote him. In 1941 he received from her an envelope containing a self-addressed envelope but no message. He then wrote her, "I do not know what it is you want but since you enclosed a self addressed envelope, I thought I ought to answer. The county sold the land we used to rent from you some time ago." His letter is dated June 30, 1941. Enander had already purchased the land from the County in December 1940. The plaintiff did not learn of his purchase until September 1941. At the trial, upon direct examination, he testified that he received no notice of the tax deed proceedings and that one, D. L. Thompson, was in possession during 1940. On cross-examination he stated that he was also using the land and that he and Mr. Thompson were using it jointly as pasture land. The trial court found that, "no notice of expiration of period of redemption was mailed to or served, on defendant David Enander, then in possession of said land with said D. L. Thompson." Thus the trial court concluded that the defendant, David Enander, was in possession and was therefore required to be served with the notice of expiration of the period of redemption under the provisions of c 235, N. D. Sess. Laws 1939 and that the failure to serve him was fatal to the validity of the tax deed subsequently taken by the County.

There is no question but that Enander was the tenant of the plaintiff and entered into possession of the premises under his lease, that he continued to be her tenant up to and including 1940. He admits that he owes her the rent for that year. There is nothing to indicate that he relinquished possession except his statement that D. L. Thompson was in possession, which he promptly qualified by the further statement that he and Mr. Thompson used the land jointly as pasture. This case comes to us for trial de novo. We have repeatedly held that the findings of the trial court in such cases are entitled to appreciable

weight. The record in this case does not warrant us in disturbing the findings of the trial court with respect to possession.

The failure to serve David Enander with the notice of expiration of period of redemption is fatal to the validity of the tax deed obtained by Mountrail County. Anderson v. Roberts, 71 ND 345, 1 NW(2d) 338. The judgment appealed from is affirmed.

CHRISTIANSON, BURKE, NUESSLE and BURR, JJ., concur.

MORRIS, Ch. J. After rehearing and remand. A rehearing was had upon petition of the appellant. Both pleadings and the testimony in the case being somewhat confused and unsatisfactory we decided to permit the taking of further testimony and entered the following order:

"It is therefore ordered that the record be remanded to the district court for such amendments to the pleadings and the admission of such further evidence as the trial court may deem in the interests of justice; whereupon the district court will make further findings and conclusions and cause the record to be settled, certified and returned to this court with the record that is now remanded."

When the case came on before the district court for the taking of further testimony counsel for the respondent stated:

"The plaintiff does withdraw from the stipulation read into the record by Mr. Wyckoff as appearing on Page 13 and 14 of the transcript in which it was stipulated that the notice of expiration of the period of redemption of the southeast quarter of the southwest quarter (SE¼ SW¼) and lots two (2), three (3) and four (4) of section thirty (30), township one hundred fifty-six (156), range ninety-one (91), was duly published by the County Auditor of Mountrail County in the Stanley Sun, on the grounds that said stipulation does not state the true facts."

The defendant objected to the withdrawal of the plaintiff from the stipulation agreeing to the sufficiency of the publication of the notice of the expiration of the period of redemption, on the ground that it involved an issue earlier determined and settled by the Supreme Court in our original opinion and therefore not within the scope of public inquiry on the remand. The trial court then asked counsel for the

respondent to produce the publication in order that he might determine whether it was properly part of the question to be considered on remand. The county auditor was then sworn and identified a copy of the newspaper containing the publication. It was then offered in evidence with the portion referring to the land in question surrounded by a red check mark. Counsel for appellants again objected on the ground that it presented an issue settled by stipulation of counsel and passed upon by the Supreme Court and that plaintiff's application for the relief from the stipulation was not timely, came too late and was wholly unsupported. The trial court did not rule either upon the withdrawal from the stipulation or the admission in evidence of the copy of the newspaper containing the publication of the notice.

Further testimony was taken bearing upon the question as to who was in possession at the time the notice of expiration of redemption was served upon one D. L. Thompson.

The trial court filed a supplemental opinion on remand in which they stated:

"From the testimony and evidence thus offered the Trial Court is still of the opinion that the Notice of the expiration of the period of redemption is defective and does not comply with the statutory requirements with reference to the tenant;

"Further, on remand the plaintiff asked to withdraw from his former stipulation of fact in connection with the publication, and a copy of the Newspaper (Exhibit 1-A) is introduced in evidence. The publication omits the name of Anna Olson, one of the persons certified to the County Auditor as one of the owners. This is not in strict compliance with the statutory requirement. Before any tax title can stand the proceedings upon which the same is based must be in strict compliance with the law."

Further findings were prepared and signed by the trial court consistent with the statement in the memorandum opinion. Thus the trial court considered and incorporated in his findings the evidence contained in the copy of the newspaper without ruling either upon the attempt to withdraw from the stipulation or the admissibility of the evidence sought to be introduced in conflict therewith. It would seem

that no permission was granted to withdraw from the stipulation. It was simply disregarded.

The published notice was produced at the request of the court in connection with his consideration of the application to withdraw from the stipulation. At the conclusion of the defendant's objection to the consideration of the application of the withdrawal the court said: "I wish, Mr. Swendseid, you would get a copy of the paper showing this publication and then I will get a chance to go through the record and determine whether that is a part of the question." It does not appear that the publication was offered in connection with any other matter or for any other purpose than to enable the court to determine whether it should permit the plaintiff to withdraw from the stipulation.

Stipulations entered into dealing with important phases of a lawsuit cannot be lightly treated. They are solemn and binding obligations of the parties. If relief is sought it must be upon a proper showing of diligence and justice. Northern P. R. Co. v. Barlow, 20 ND 197, 126 NW 233, Ann Cas 1912C 763. In this case the stipulation was made in open court between counsel during the progress of the trial on July 21, 1943. It came to this court unchallenged with the original appeal and cannot now be disturbed by this court without a proper showing and an order having been made in the court below.

Further testimony was taken in connection with the question as to whether the defendant, David Enander, was in possession of the land in question. At the first hearing the trial court had found that Mr. Enander and one, D. L. Thompson, were both in possession. From the testimony taken on the remand it appears that Enander owned some land near to the land in question which he rented to Thompson under a written lease. This lease did not cover the Schott land. He states that the latter was turned over to Thompson under an oral agreement and that Thompson took possession. He does not remember when he made the oral agreement, whether it was in the spring or fall. Under the agreement Thompson was to pay one-half of the rental but he never did. He further testified on cross examination that he and Thompson shared interest in the Schott land and that Enander paid one-half the rental.

On the remand D. L. Thompson testified for the first time. He says

that he leased Enander's farm for 1940 under a written agreement that was made in 1939. This agreement did not cover the Schott land. He doesn't remember making any oral agreement with Enander regarding this land. Thompson was taking care of Enander's cattle and the cattle of both were allowed to pasture on the Schott land part of the time during the summer of 1940. Thompson summer-fallowed the portion of this land that was not in pasture. In answer to whether he had possession Thompson said: "Yes, I think I did." Thompson signed the worksheet in the A. A. A. office and received the federal payment which he said didn't amount to much. He paid no cash rent for the Schott land but said: "Well, when I settled up with him I had been taking care of all of his cattle and we just called it square, that's all." The court then said, "Then you had the land for nothing?" to which Thompson replied, "Well, not exactly I had taken care of his cattle all during the year 1940 and when it came to settling up we just called it square and I didn't pay him any money at all. I figured he had as much right to use the land as I." In an attempt to support the claim that Thompson was in possession, the defendants introduced the testimony of two men living in the vicinity of the Schott land. Both said they saw Thompson on this land several times. When asked whether they also saw Enander on the land one witness said: "Well, I noticed him some times but I couldn't say whether he was on this Schott land or not." The other said: "I really didn't take much notice."

On the whole the testimony taken on the remand is disappointing. It does little to clarify the record that was before us upon the original appeal. From the entire record there is no question but that Enander rented the land and went into possession in 1934 and continued to rent the land from year to year until 1940. He had a written lease with D. L. Thompson covering his own land which made no mention of the Schott land. The trial court determined that Enander and Thompson used the Schott land jointly and were jointly in possession. Taking into consideration the entire record including the testimony produced at the original trial as well as upon remand, we still believe that the decision of the trial court should stand. We therefore adhere to our former opinion.

CHRISTIANSON, BURKE and NUESSLE, JJ., concur.

BURR, J. (concurring). I concur in the result but I do not agree with the law laid down regarding stipulations. The stipulation in 20 ND 197 was one which in effect resulted in an agreed case, upon which the matter involved was submitted. Such a stipulation is in the nature of a contract and the party may not be relieved therefrom without good cause shown to the court. Such rule has sound support. See Thayer v. Federal L. Ins. Co. 217 Wis 282, 258 NW 849, 850.

But as shown in this case cited, " 'Stipulations' are of two kinds: First, those which are mere admissions of fact, merely relieving party from inconvenience of making proof; and, second, those having all characteristics as concessions of some rights as consideration for those secured, and these stipulations are entitled to all sanctity of ordinary contract." This second class is the class involved in our decision, 20 ND 197, 126 NW 233.

The stipulation involved in the case at bar is of the first class. It dealt merely with the admission of one of the so-called facts in the trial of the case on the first hearing in the trial court. Such stipulation has no binding effect when the case comes before the trial court in another trial.

This case was before us on appeal. We sent it back for the taking of further testimony and our order was so broad that in effect it amounted to a new trial in which the parties could introduce any testimony they saw fit and could amend their pleadings in such respects as were found necessary. To all practical purposes, it was the same as if this court had reversed the lower court and granted a new trial. In that situation it would have been an exact duplicate of Paine v. Chicago & N. W. R. Co. 217 Wis 601, 258 NW 846, 848, where it is held that such a stipulation had no "binding effect" except in the hearing in which the stipulation was made and it was not necessary to apply to the court to be relieved from it.

The rule laid down in the present case would make any type of a stipulation binding upon a party unless he applied to the court to be relieved therefrom and his application was granted—even a case where it was stipulated that if a witness were present he would testify a certain way and on the next hearing the witness was present ready to testify to the contrary. Why lay down such a rule and subject a party

to the hazard of the discretion of the trial court? The record involved was offered in evidence. A ruling of the trial court on the objection to the record was unnecessary and quite evidently the trial court considered it.