[File No. 7103]

MARIE WESTLAND, Appellant v. R. Z. STALNECKER, et al. as County Commissioners of Mountrail County, a Municipal Corporation, Respondents.

(35 NW2d 567)

Opinion filed Dec. 27, 1948. Rehearing denied Jan. 28, 1949.

Opinion of the court by BURKE, J.

*R. E. Swendseid,* for appellant.

*Wyckoff & Schulte,* for respondents.

BURKE, J. In September 1947, the appellant, Marie Westland, petitioned the Board of County Commissioners of Mountrail County to abate the taxes for the years 1929 to 1945 inclusive upon a tract of agricultural land of which she is the record owner. The Board denied the petition and she appealed from that denial to the District Court of Mountrail County. The District Court affirmed the decision of the County Board and upon the instant appeal the case is in this Court for a trial anew.

The land in question, the property of Marie Westland, was sold to Mountrail County for the second installment of the 1929 taxes. Thereafter subsequent tax sale certificates were issued or deemed issued to the County for all of the taxes for the years 1930 to 1937 inclusive. In 1938 a tax deed was issued to the County. The County took possession of the land and no taxes were assessed against it from that time until 1942. In 1942 the land was sold by the County to Albert Moe upon a contract for deed. Later Albert Moe assigned his contract to James Moe who paid the balance due thereon and received the County's deed of the land. At that time all taxes for the years prior to the sale

were cancelled in accordance with the provisions of Section 57–2821 NDRC 1943.

In July 1947, judgment was entered, in an action in which Marie Westland, was plaintiff, and Albert and James Moe were defendants, quieting title to the land in Marie Westland against the claims of the defendants. This judgment was founded upon the trial court's conclusion that the proceedings by which the County acquired its tax deed were wholly void for want of a valid notice of expiration of the period of redemption from tax sale.

Immediately after the entry of the judgment described above, the County Auditor re-entered the taxes against the land for the years 1929 to 1937 inclusive, he caused the land to be assessed for the taxes of the years 1938 to 1941 inclusive as land which had escaped taxation and he also entered against the land the taxes for the years 1942 to 1945 inclusive, which had been paid by Albert and James Moe. It is the question of whether these taxes are a legal charge upon plaintiff's land which is before us on this appeal.

Appellant asked the abatement of the reinstated taxes of the years 1929 to 1937 inclusive upon the ground that the cancellation of these taxes pursuant to the provisions of Section 57–2821 NDRC 1943 is irrevocable. This statute is as follows: "After any real estate has been sold for cash or upon a contract for deed which has been fully performed and a deed has been issued and delivered to the purchaser thereof, the board of county commissioners, by general resolution, shall provide for the cancellation of all general taxes, hail indemnity taxes, and special assessments remaining of record against the premises sold at the date of such sale. . . ."

Appellant's argument is that the land in question was sold upon a contract for deed, that thereafter the contract was fully performed and a deed of the property was issued and delivered to the purchaser; that thereupon the taxes remaining of record against the premises as of the date of the sale were cancelled pursuant to the statutory mandate and that is an end of the matter.

In Flath v. Elefson, 73 ND 746, 19 NW2d 571, we had occasion to consider the above quoted statute. In that case, however, it appeared that taxes had been cancelled upon the land there involved before the contract for its sale had been fully performed and before a deed thereto had been issued and delivered to the purchaser. It was therefore clear that the County Board's action in cancelling the taxes was premature and without effect. There is no intimation in the opinion in that case, however, that a cancellation of taxes, after a deed to land had been delivered to the purchaser from the county, would be valid in a case where the County had never had title to the land. In fact the intimation is to the contrary. In that case we also construed a part of Section 2 of Chapter 235, Laws of ND 1939. The latter section is the law effective immediately prior to the enactment of Section 57–2821, supra, covering the subject of the cancellation of taxes upon lands acquired by a county by tax deeds. Its pertinent provisions are as follows:

"Upon issuance of a tax deed to a county, such county acquires title to the property included in the tax deed free from all incumbrances. Upon obtaining tax deed to any real estate, the board of county commissioners shall, by general resolution, provide for the cancellation of all general taxes and all special assessment taxes of record which are then due or delinquent except such as were included in the notice of expiration of the period of redemption. The assessment made upon any real estate acquired by the county through tax deed in the year in which the county takes title, shall be abated and cancelled. So long as the county retains title to any real estate acquired by tax deed, such real estate shall be exempt from all general property taxes and all special assessment taxes."

Construing this statute we said:

"The language of the 1939 statute clearly indicates that the legislature had in mind a valid tax deed—a tax deed under which the county 'acquires title to the land included in the tax deed' and which would clothe the county with a new and complete title in the land, and which would bar and extinguish all prior titles and incumbrances of private persons whether of

record or otherwise. Baird v. Stubbins, 58 ND 351, 226 NW 529, 65 ALR 1009. The first expression of the lawmakers was: 'Upon the issuance of tax deed to the county, such county acquires title to the property included in the tax deed free from all incumbrances.' The county could acquire title only if there were a valid tax deed. It is upon the existence of this fact, that is, the issuance of a tax deed which would vest in the county the 'title to the property included in the tax deed', that the subsequent provision for cancellation of taxes by the county commissioners is predicated."

In the portion of the opinion quoted great emphasis was placed upon the language contained in the 1939 statute which does not appear in Section 57–2821, supra. Section 57–2821 does not provide that "upon the issuance of a tax deed to the county, such county acquires title to the property included in the tax deed free from all incumbrances." This omission, however, is merely from an isolated section of the controlling law. Section 57–2821 was enacted as Section 20 of Chapter 286, Laws of ND 1941. Section 9 of that act provides:

"That after the expiration of the period of redemption, County Auditors shall issue tax deeds in the usual form, to the county for all real estate which was not redeemed within the time, and in the manner described by this Act. Such tax deed shall pass the absolute property in fee to the county free from all encumbrances whatsoever."

It is thus clear that the reasoning of the case of Flath v. Elefson (ND) supra, is controlling here and that the "real estate" referred to in Section 57–2821, supra, is real estate acquired by a tax deed which vested in the county "absolute property in fee to the county free from all encumbrances whatsoever." We see no other reasonable construction. That the Legislature did not intend the counties to cancel taxes upon lands owned by private individuals is a proposition that should need no demonstration. There must be some basis approved by the constitution (Sec 176 ND Constitution) for exempting property from taxation.

As has been stated plaintiff obtained a judgment in an action to quiet title decreeing that she was the owner of the land

involved in this suit. That judgment was based upon a finding that no valid notice of the expiration of the period of redemption had been served upon her. The effect of this judgment was not to reinstate plaintiff's title. It decreed that she had never lost the title. The resolution of the Board of County Commissioners, cancelling the taxes on the land was therefore without effect.

Plaintiff's rights in the circumstances are fixed by Section 57-4512 NDRC 1943, which provides in part:

"Whenever any sale of land or certificate or tax deed made and delivered under this title is adjudged to be void, unless the judgment declares the tax to be illegal, the tax and all subsequent taxes returned to the purchaser or assignee shall remain and be a lien upon the land sold, and the county auditor shall advertise and resell the same at the next succeeding annual sale for the full amount of taxes, penalties, and costs due thereon."

This section clearly places upon the plaintiff the obligation to pay all the taxes regularly assessed against the land, including those paid by the county's grantee, that is to say, the taxes for the years 1929 to 1937 inclusive and the taxes for the years 1942 to 1945 inclusive.

There remains only the question of the right of the county to assess the land as land which had escaped taxation during the years 1938 to 1941 inclusive. During these years the county was the holder of an unchallenged tax deed. Its officers assumed that it held title to the land and that such land was therefore not subject to taxation. Plaintiff's judgment in her action to quiet title determined that her title to the land had never been forfeited but that at all times she had remained its owner. It is thus apparent that in failing to assess the land, the county's officers were acting under a mistake of fact and that they were in error in assuming that the land was not subject to taxation. Section 57-1401 NDRC 1943 provides:

"Whenever the county auditor shall discover that:

1. Taxable real or personal property has been omitted in whole or in part in the assessment of any year or years; or

2. . . .

3. . . .

4. . . he shall proceed to correct the assessment books in accordance with the facts in the case and to correct such error or omission in assessment, and shall add such omitted property and assess it at its true and full value, . . . ."

As we view it there is no question but the land was subject to taxation during the years it was omitted from the assessment books in the same manner that all privately owned property is subject to taxation. When the county auditor discovered that privately owned land had been omitted from the assessment books it was his duty "to correct the assessment books in accordance with the facts."

The judgment of the District Court is affirmed.

CHRISTIANSON, Ch. J., NUESSLE and MORRIS, JJ., and GRIMSON, Dist. J., concur.

BURR, J., did not participate.