[File No. 7233]

MARIE WESTLUND, Appellant, v. MOUNTRAIL COUNTY, a municipal corporation, Respondent.

(51 NW2d 687)

Opinion filed February 8, 1952

R. E. *Swendseid,* for appellant.
Q. R. *Schulte,* for respondent.

CHRISTIANSON, J. This is an action to determine adverse claims to a quarter section of land in Mountrail County in this state and for an accounting of the rents and profits received by the defendants from the land.

The plaintiff Marie Westlund was the record owner of the land in question in 1929 and continued to be such owner during the time involved in this action. The second installment of the 1929 taxes against such land was not paid and the land was sold to Mountrail County for such delinquent taxes. Subsequent tax sales certificates were issued or deemed to be issued to the county as provided by law for all taxes for the years 1930 to 1937 inclusive. In 1938 a tax deed was issued to the county upon the tax certificate that had been issued upon the sale for the delinquent taxes for 1929. Mountrail County entered into possession of the land under such deed and was in possession thereof during the years 1938, 1939, 1940 and 1941 and collected rents during that time. In 1942 the county sold the land to Albert Moe upon a contract for deed. Albert Moe assigned the contract to James Moe who paid the balance due thereon and received a deed from the county. The purchase price paid for the land was $208. No taxes were assessed or levied against the land after the tax deed was executed and delivered to the county until in 1942, when it had been sold to Albert Moe. After the land had been conveyed by the county to James Moe the county commissioners cancelled all taxes of record against the premises as of the date the land was sold to Moe as prescribed by NDRC 1943, 57–2821. The Moes were in the possession of the land under their contract and deed from the county during the years 1942 up to and including 1947 and they paid the taxes levied against the premises for the years 1942 up to and including 1945. In March 1947 the plaintiff, Marie Westlund, in-

stituted an action against Mountrail County, Albert Moe and James Moe in the District Court of Mountrail County to quiet title to said tract of land. The trial of said action resulted in findings of fact and conclusions of law in favor of the plaintiff, Marie Westlund; that the tax deed was wholly void for want of a valid notice of expiration of the period of redemption from the tax sale. The specific ground on which the court held the tax deed to be invalid was that there was included in the amount which the notice of redemption stated must be paid to effect a redemption the amounts due upon tax certificates that had been issued upon sales within three years before the notice of expiration of the period of redemption was issued. (See, Kelsch v. Miller, 73 ND 405, 418, 15 NW2d 433, 440, 155 ALR 1186.) In its order for judgment the trial court provided that judgment be entered in favor of the plaintiff quieting title to the land against the defendants James Moe and Albert Moe on the condition that Marie Westlund, the plaintiff in such action, pay into court for the defendants $208 less costs taxed and allowed in the action. Costs were taxed and allowed in the action in favor of Marie Westlund, the plaintiff therein, and against the defendants in the sum of $27.90. Payment of such judgment for costs was made to plaintiff's counsel on September 8, 1947. The $180.10 remaining of the $208.00 which had been paid to the clerk of the district court was offered to the defendants in such action but they refused the payment so offered. Thereafter the clerk of the district court deposited said $180.10 with the county treasurer of Mountrail County. On May 12, 1949, the county auditor issued a refund voucher of the county to the Moes for the sum of $266.00, the same being for the purpose of refunding to the Moes the purchase price of $208.00 and in addition thereto the taxes paid by the Moes for the years 1942, 1943, 1944 and 1945 and such refund voucher was thereafter duly paid to the Moes by the county treasurer. On April 12, 1950, the $180.10 which the clerk of the district court had deposited with the county treasurer was returned and paid by him to the plaintiff Westlund. After the entry of the judgment the plaintiff Westlund took possession of the premises and she

paid the taxes assessed and levied upon the land for the years 1946 and 1947.

No motion was made for a new trial or for a modification or amendment of the judgment and no appeal was taken from the judgment.

After the entry of the judgment, adjudging the tax deed to be null and void and that Marie Westlund, the plaintiff therein, was the owner of said premises, the county auditor re-entered the taxes against the lands for the years 1929 to 1937 inclusive, which had been cancelled by the county commissioners, and caused the land to be assessed and taxes entered against it for the years 1938 to 1941 inclusive as land which had escaped taxation. He also entered taxes against the land for the years 1942 to 1945 which had been paid by Albert Moe and James Moe and which the county was obligated to repay and did repay to Albert and James Moe.

After judgment had been rendered in her favor the plaintiff made application to the county commissioners of Mountrail County that the taxes which had been so entered by the county auditor be abated on the ground that the taxes from 1930 to 1937 inclusive had been cancelled by the county commissioners; that no taxes had been assessed or levied against the premises for the years 1938 to 1941 inclusive, and that the taxes for the years 1942, 1943, 1944 and 1945 had been paid (by the Moes) and tax receipts issued therefor. The county commissioners denied the application for abatement and the plaintiff, Marie Westlund, appealed from the decision of the board of county commissioners to the district court. The district court affirmed the decision of the county commissioners and the plaintiff, Marie Westlund, appealed to this court. This court affirmed the decision of the district court, and held that the county auditor acted in conformity with the law when he re-entered the taxes for the years 1930 to 1937 inclusive, which the county commissioners had sought to cancel, and the taxes for the years 1942 to 1945 inclusive, which the defendants Moe had paid, and in causing taxes to be laid against the land as property that erroneously had been omitted from taxation in the years 1938

to 1941 inclusive. Westlund v. Stalnecker, 76 ND 291, 35 NW 2d 567.

Thereafter the plaintiff instituted this action against Mountrail County and Albert Moe and James Moe as defendants to determine adverse claims to the land and for an accounting for rents and profits. In the complaint the plaintiff alleged that the plaintiff was and during all the times mentioned in the complaint has been the owner of the land in controversy. That the defendant Mountrail County in April 1938 took possession of the premises and rented the same during the years 1939 to 1941 inclusive and during such time collected rents and profits "from the use and possession of said land." That Mountrail County in the spring of 1942 sold the land to Albert Moe for $208 on a contract for deed. That subsequently Albert Moe assigned his contract to the defendant James Moe. That the contract was fully performed and the full amount of the purchase price paid to Mountrail County. That the defendants Moe were in possession of the premises and farmed the land during the years 1942 to 1947 inclusive and that no accounting has been made to the plaintiff for such use and occupancy. That the defendants Moe paid all taxes levied against the land for the years 1942 to 1945 inclusive. That in 1947 in an action in said district court wherein the said Marie Westlund was plaintiff and the defendants Albert Moe and James Moe were defendants a judgment was rendered quieting title to said land in the plaintiff as against the said defendants Moe. That in such action it was determined that the plaintiff should pay $208, the amount paid by the defendants to Mountrail County under their contract for deed less the costs of the action. That on refusal of the defendants to accept said moneys the $208 less costs of action were paid to the clerk of the district court for the benefit of the defendants in accordance with the judgment rendered in such action. It was further alleged that the defendant Mountrail County has caused to be spread upon its records real estate taxes against said land for the second half of 1929 and for subsequent years from the year 1930 up to and including the year 1946, with penalty and interest while retaining the rents received while in possession of the land and the moneys

paid by the defendants Moe and the taxes paid by the said defendants Moe and that the county refuses on demand to credit said moneys so received by it against said taxes in the amount of, and as of the time, said moneys were received by said defendant Mountrail County. That the plaintiff is willing and able to pay all taxes due against said land on receiving credit for all moneys received by Mountrail County for the use and occupancy of the land and the moneys received by the county under the contract for deed and the taxes paid by the defendants Moe. The plaintiff prays judgment that the defendants be required to set forth their adverse claims and that the validity, superiority and priority thereof be determined and that the same be adjudged null and void and that the defendant Mountrail County make an accounting of all moneys received by it and credit the same against the delinquent taxes as of the time and in the amounts paid. That it be determined what amount of taxes still are due against the land and that the defendants Moe be required to account to the plaintiff for the use and occupancy and for the value of crops raised on said land during said occupancy and that plaintiff have such other and further relief as may be just and equitable together with her costs and disbursements herein. The defendants interposed separate demurrers to the complaint on the grounds: (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that there is an improper joinder of alleged causes of action; and (3) that there is a misjoinder of parties defendant. After a hearing, at which counsel for the respective parties appeared, the court made and filed findings of fact, conclusions of law and order for judgment. In such findings, it is recited that the defendants filed such separate demurrers, that the matter had been before the court at various times and was again brought before the court upon such hearing. There is a recital of certain statements or agreements said to have been made by counsel upon the hearing. And it is said that the court "on said agreement and stipulation and on the files and records this court makes and files the following as its findings of fact. . . ." The court ordered judgment that the defendant Mountrail County has a valid and existing lien

for real estate taxes levied against the land for the last half of 1929 up to and including 1947, subject to credits for $104.39 collected by Mountrail County as rent on the land and $208 paid by Albert Moe for the purchase of the land and the taxes paid by Albert Moe and James Moe for the years 1942, 1943, 1944 and 1945. Judgment was entered November 18, 1949. On December 5, 1949, the defendants moved the court that the judgment be vacated on the grounds, among others, that the defendants were entitled to a ruling on the demurrers before a trial on the merits could be had; that the defendants were surprised at the entry of the judgment and that there was no evidence of facts justifying its rendition. The court made an order vacating the judgment. Thereafter the defendants interposed an answer and counterclaim wherein they alleged the levy of taxes against the land in question during the years from 1929 to 1945 inclusive. The defendants further alleged that the plaintiff is the owner of the premises but that she has failed to pay any of such taxes. Thereafter the action was brought on for trial before the court on March 23, 1950. It was stipulated between counsel for the respective parties that the action be dismissed without prejudice as to the defendants Albert Moe and James Moe. Counsel for the respective parties entered into a written stipulation of facts. In such stipulation it was stipulated that the plaintiff is the owner and in possession of the land. That Mountrail County acquired a tax deed for the land for nonpayment of taxes for the second half of 1929 and for. succeeding years up to and including 1937 and was in possession of the land under said tax deed during the years 1939 to 1941 inclusive and collected rents during that time in the sum of $104.39; that said county sold the land to Albert Moe and James Moe for $208; that the Moes were in possession up to and including 1947 and that they paid taxes levied against the land for the years 1942 up to and including 1945. It is further stipulated that in March 1947 the plaintiff instituted an action to quiet title and that judgment was rendered and entered in such action quieting title in the plaintiff, on the condition that the plaintiff pay to said defendant $208, less costs to be taxed and allowed the plaintiff by the clerk of the court; payment to be

made to the clerk of the court; that costs were taxed and allowed in said action in the sum of $27.90; that the plaintiff paid to the clerk of the district court for the defendants under the terms of the court's judgment $180.10; that the defendant county reassessed taxes against the land in the sum of $539.10 for the second half of 1929 and for succeeding years up to and including 1945 and claims a lien on the land for said taxes together with penalty and interest; that Mountrail County on May 12, 1949, refunded to the Moes, the purchasers, $266.00, said amount included the $208 paid by the Moes and taxes paid by them for the years 1942 up to 1945 inclusive; that no accounting has been made by the Moes for the use and occupancy of the land and for the value of the crops raised on said land during said occupancy. On May 11, 1950, judgment was entered in accordance with such findings of fact and order for judgment. On May 23, 1950, defendant's attorney moved that the judgment rendered on May 11, 1950, be vacated and set aside and that the defendant be permitted to amend its answer. With its motion to vacate the judgment, the defendant county submitted a proposed answer and counterclaim wherein it realleged the levy of taxes against the land for the years 1929 to 1945 inclusive; and the amount claimed to be due and unpaid upon such taxes. It further alleged that the defendant Mountrail County is the owner of the real estate by virtue of a tax deed dated October 1, 1948.

After the service of the motion to vacate the judgment the parties entered into a stipulation "that the Judgment may be vacated and that Mountrail County may amend its answer as proposed by Mountrail County and that no testimony or evidence need be offered, but that instead these additional facts are hereby stipulated and agreed shall be added to the above stipulation of facts and shall be considered by the Court in rendering its decision in this case." It was further stipulated "that a tax deed was issued to Mountrail County on the 1st day of October 1948, for the non-payment of taxes for the years 1929 (last half) to 1943 inclusive and that exhibits no. 1, 2, 3, 4, 5, 6 and 7 are the true and correct and original records of the Auditor's Office upon which this tax title was issued and that such exhibits are received in evidence and may be considered by the

Court as part of the stipulation of facts in rendering its decision hereon." The case was called for trial on June 5, 1950. Both parties appeared by their attorneys. The court made findings of fact that Mountrail County took possession of the premises under its tax deed in April 1938 and retained possession thereof during the years 1938 to 1941 inclusive and during that time collected rents and profits from the premises in the amount of $104.39. That said county sold the land to Moe in 1942 for $208.00 That on July 9, 1947, judgment was rendered that the tax deed issued to the county was void and that the plaintiff, Marie Westlund, had never lost title to the land. That thereafter in a proceeding instituted by Marie Westlund for the abatement of taxes for the years 1929 to 1945 inclusive it was determined that said taxes were due Mountrail County and constituted a lien on the land. The court further found that on October 15, 1948, a tax deed was issued to Mountrial County for said land based on a sale of taxes for the last half of the year 1929. That said tax deed is valid and vests in Mountrial County a title in fee, and that the defendant county is entitled to possession of the land, subject to the right of the plaintiff Marie Westlund to repurchase the same as prescribed by the statutes. From the judgment so entered the plaintiff has appealed.

Appellant contends that the tax deed issued to Mountrail County on October 15, 1948, was void because the amount stated therein as required to be paid by Marie Westlund to effect a redemption was grossly in excess of that which was due and owing upon the taxes against the tract of land. This contention is in turn predicated largely upon the contention that the taxes cancelled by the county commissioners against the land after the sale thereof to the defendants Moe should not have been reinstated, that the taxes so cancelled by the county commissioners remained cancelled and that the county auditor had no authority to re-enter them. It is further contended that Marie Westlund was entitled to credit upon any taxes outstanding against the land for the amount of rents collected by the county while in possession of the land, namely $104.39,— such rent collections to be applied as of the time they were received by the county. It is further contended that Marie West-

lund also was entitled to credit upon taxes against the land for the $208 which she deposited in court upon the trial of the first action to determine adverse claims and that consequently even though the action of the county auditor in reinstating and re-entering taxes, as was done, was valid and authorized, the amount stated in the notice of expiration of the period of redemption is in any event in excess of the amount legally due on such taxes.

Appellant admits that her contention that the county auditor was without authority to reinstate and enter the taxes which had been cancelled by the county commissioners and the taxes which had been paid by the Moes against the land and refunded to them is contrary to the decision of this court in Westlund v. Stalnecker, supra; but she asserts that that decision is erroneous and should be overruled. Appellant contends that in any event she should be required to pay only the amount that the county refunded to the Moes for the amount of the purchase price of the land and subsequent taxes paid by them or $266.00.

The question as to the status of the taxes that had been cancelled by the county commissioners upon the sale of the land to the defendants Moe and the authority of the county auditor to re-enter such taxes and the taxes that afterwards were paid by the Moes while they occupied the land under their deed from the county and the taxes that were assessed for the years that the land had been omitted from taxation was considered and determined in Westlund v. Stalnecker, supra, and decided contrary to the contention of the appellant here. The grounds for such holding are fully stated in the decision in Westlund v. Stalnecker, supra, and we see no reason for departing from our former holding and adhere to what was said in that decision. It seems to be assumed by appellant that the decision in the original action to determine adverse claims adjudged the taxes and the tax certificates on which the deed was based to be void. There was no such determination, the tax deed was held invalid solely on the ground that in the notice of the expiration of the period of redemption there was included in the amount which the owner was required to pay to effect a redemption the amount of tax certificates which had been issued within three years

prior to the date of the notice of expiration of the period of redemption.

There was no holding or even an intimation that the tax or the tax certificate on which the tax deed to the county was based were for any reason invalid or void. The effect of the decision was merely to set aside the tax deed that had been issued because a legal notice of expiration of the period of redemption had not been served. Apparently some of the misunderstanding and confusion that seems to exist in this case stems from the deposit that was made by the plaintiff upon the trial of the original action to determine adverse claims. In 1941 the Legislative Assembly enacted a statute, which was embodied in NDRC 1943, 57–4510, relating to a tender or deposit to be made by a party challenging the validity of a deed issued and delivered by a county to the purchaser of land acquired by the county through tax deed proceedings. In 1945 the Legislative Assembly reenacted and amended said NDRC 1943, 57–4510. See Laws 1945, Chapter 314; 1949 Supp. to NDRC 1943, 57–4510. The two statutes differed in many material respects. In order that the differences may be apparent they are set forth in parallel columns.

"Whenever any action at law or in equity is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court shall not proceed with the trial of such action until the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof, for the benefit of the party claiming title under such deed, an amount equal to the sum paid by such party to the county for

"Whenever any action at law or in equity is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court shall not proceed with the trial of such action until the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof for the benefit of the county should the deed be held invalid, the amount of all delinquent and unpaid taxes on said property,

the purchase of the property covered by such deed, together with an amount sufficient to pay the defendant's statutory costs of the action, to be determined by the order of the court." NDRC 1943, 57–4510.

including penalty and interest, plus any taxes paid thereon by the purchaser from the county. Should said action be determined adversely to the purchaser from the county it shall repay to him any moneys received by the county on said purchase." 1949 Supp. to NDRC 1943, 57–4510.

On July 1, 1945, NDRC 1943, 57–4510 ceased to exist, and was superseded by Laws 1945, Chapter 314; 1949 Supp. to NDRC 1943, 57–4510. It will be noted that NDRC 1943, 57–4510 provided that whenever an action is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court before proceeding with the trial is authorized to require "that the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof, for the benefit of the party claiming title under such deed, an amount equal to the sum paid by such party to the county for the purchase of the property covered by such deed, together with an amount sufficient to pay the defendant's statutory costs of the action, to be determined by the order of the court." This was changed by Laws 1945, Chapter 314 and 1949 Supp. to NDRC 1943, 57–4510, so as to provide that when an action is brought to test the validity of a deed, issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court before proceeding with the trial of the action is authorized to require that "the party assailing the validity of such deed, within the time required by the court, shall deposit with the clerk thereof for the benefit of the county should the deed by held invalid, the amount of all delinquent and unpaid taxes on said property, including penalty and interest, plus any taxes paid thereon by the purchaser from the county. Should said action be determined adversely to the purchaser from the

county it shall repay to him any moneys received by the county on said purchase."

The deposit involved here was apparently ordered and made on the theory and in the belief that NDRC 1943, 57–4510 was applicable. In fact, appellant's counsel states in his brief that he and counsel for the defendants were not aware that NDRC 1943, 57–4510 had been superseded by Laws 1945, Chapter 314. There is no claim that there was any objection to the order for the deposit and it is intimated that it was made at the instance of the plaintiff. In plaintiff's brief on this appeal it is said: "The court did make its order on plaintiff's motion, requiring that the plaintiff pay to the defendant $208.00 before judgment would be entered quieting title." The order for judgment provided that the plaintiff pay to the clerk of the court for the defendants (purchaser of the land) the amount which the purchaser had paid to the county. The court further provided that there be deducted from the amount so deposited the amount of costs taxed in favor of the plaintiff in that action and that the balance of the amount deposited, after deduction of such costs, be paid to the defendant purchaser. The defendant refused to accept the money. No provision was made in the order or otherwise for the disposition of the money in the event the defendant refused to accept it. The clerk of the district court deposited the money with the county treasurer, but the money did not belong to the county. The money had been deposited by the plaintiff to be paid to the defendant Moe. No application was made for any change in the order or judgment with respect to the disposition of the deposit. Obviously the county treasurer and the county auditor could not appropriate such moneys for the county in payment of taxes. The moneys held by the treasurer, were the moneys of the plaintiff Westlund, which had been deposited for a specified purpose and even though there were no valid reasons why the plaintiff should have been required to make a deposit for the benefit of the purchaser the county officers could not transform the deposit into funds of the county as a payment of taxes. Upon the defendant's refusing to accept the moneys the plaintiff was entitled to demand and receive the return thereof.

. Appellant also contends that the moneys collected by the county for rent during the years it was in occupancy of the land should have been credited upon the taxes as of the time such rent payments were received. The contention cannot be sustained. Plaintiff was entitled to be compensated by the defendant county for the use and occupation of the land during the time of the occupancy by the defendant county. The plaintiff had an enforceable obligation against the county for the value of the use and occupation of the land, but there had been no judicial determination of the amount the plaintiff was entitled to recover from the county for use and occupation and there had been no order or judgment that the moneys which the county had received for rent be applied in payment of taxes. The plaintiff was not required to utilize these moneys in payment of taxes and the county auditor and county treasurer had no authority to apply such moneys in payment of taxes except upon the direction of the plaintiff. The county auditor and county treasurer had no right to say to the plaintiff, we will take the moneys the county has received as payment for rent and apply it on the real estate taxes on your land.

The court found that a tax deed was issued to the county on October 15, 1948. The deed was not introduced in evidence and is not before us. As to the deed, the parties relied alone upon the stipulation of facts. The deed is presumed to be regular and valid. Nothing has been shown to the contrary. Hence, the trial court was correct in finding that Mountrail County is the owner of the land but that such ownership is subject to the right of the plaintiff under the laws of the State to repurchase the same. The plaintiff is also entitled to recover, and it is the obligation of the county to pay her, the $104.39, the amount of rents which the county collected and received during its occupancy and still retains.

The judgment appealed from is affirmed.

MORRIS, C. J., and GRIMSON and BURKE, JJ., concur.

SATHRE, J., did not participate.