HANS P. JENSEN, Respondent, v. McHENRY COUNTY, NORTH DAKOTA, a Municipal Corporation, and Ira Funk, Defendants. IRA FUNK, Appellant.

(228 N. W. 451.)

Opinion filed January 6, 1930.

*Bagley & Johnson,* for appellant.

*Albert Weber,* for respondent.

BURR, J. This is an action to quiet title to the southeast quarter of section 10, township 156, range 77. In 1922 the plaintiff purchased the land in controversy, from the First National Bank of Elmore, Minnesota, the owner of the land. In the special warranty deed given to him he is described as being "of the county of Faribault in the state of Minnesota" and this deed was recorded November 13, 1922. The record in this case shows the plaintiff to be a resident of Minnesota, with postoffice address at Elmore, Minnesota, during all of the time involved in this suit.

The taxes on this land for 1922 became delinquent and in the following year the land was sold to the county of McHenry at tax sale. The taxes for the years 1923, 1924 and 1925 remaining unpaid the land was again sold to the county.

On September 6, 1927, the county auditor issued a tax deed to the county and on the same day the county sold the land to the defendant Ira Funk.

The plaintiff seeks to quiet title in himself, and the defendants answer setting up title under this tax deed and the deed in Ira Funk. The plaintiff replies alleging the invalidity of the tax deed, based on the claim that no notice of the expiration of the time of redemption was ever served on him as required by statute. Plaintiff tenders into court the total amount of taxes due, together with interest, penalties and costs. The sole issue therefore is the validity and regularity of the notice of expiration of the time of redemption issued in this case.

The notice involved was issued by the county auditor January 27, 1927, and delivered to the sheriff for service. This official makes return, partially as follows:

"(That I have made diligent search and inquiry for Hans P. Jensen, the person named in said notice and the person upon whom the said notice was intended to be served; but after such search and inquiry I have been unable to find said Hans P. Jensen in said McHenry county, North Dakota, upon whom to make service thereof, and that there is no person in the actual possession of said land.)

"(That I served the said notice upon Hans P. Jensen the person named in said notice and the person upon whom the said notice was intended to be served, said Hans P. Jensen being a nonresident of the

State of North Dakota, on the 26th day of January, 1927, by then and there depositing in the postoffice in the city of Towner, North Dakota, a true and correct copy of said notice; that the said copy so deposited in said postoffice was enclosed in an envelope addressed to said Hans P. Jensen at his last known place of residence, namely, Edmore, N. Dak., and that postage thereon was paid in full and the same duly registered.)"

The registered letter referred to is in evidence and shows that it arrived at the postoffice in Edmore, remained undelivered, and was returned to the sheriff. Other than this attempted service no notice of expiration of period of redemption was ever given to the plaintiff.

We take judicial notice of the fact that the village of Edmore is in Ramsey county this state 120 miles east and slightly north of the land in controversy and is not connected with the land as a contiguous postoffice or market place.

It is conceded that the plaintiff at all times involved was a nonresident of the state. Section 2202 of the Supplement, prescribing the method of service on a nonresident in such a case as this, says: "If the owner does not reside in this state, service may be made upon him by registered mail addressed to him at his postoffice address as ascertained by the county auditor from such information as he is able to obtain by reasonably diligent inquiry." It will be noticed this method is not exclusive, but is sufficient if followed.

Carl Knutson was the county auditor at the time the notice of expiration of time of redemption was issued. He testified that he could not remember there was any search made in the tax list for the record address of this plaintiff but it was the custom of his office when a tax certificate was sent in "and application for tax deed applied for, we would take the certificate over to the register of deeds' office and have him make a search for the record owner and mortgagee, in the case of a special sale like the sale put on under the 1923 law we made a list of all the descriptions and took the list over to the register of deeds' office and had him make a certificate to us certifying to the record owner and mortgagee." He does not say what was the custom in cases where the land was bid in by the county as in this case and the county made a private sale of the land. He could not tell whether the register

of deeds was asked to search for the record address of this plaintiff as there were 900 of such notices to be sent out at that time. "If that was on the list at that time he was asked to do it." He said that if no record address was certified to him by the register of deeds then he would go to the tax list to see if he could find the address in order to have service of this notice made. He could not remember whether the register of deeds certified any address. It is clear the notice by registered mail was sent to Edmore, N. Dak. because of a penciled notation opposite the name of plaintiff in the tax list. It appears this penciled notation—Edmore, N. Dak.—was placed thereon by the deputy county treasurer some years before, while the book was in the possession of the county treasurer. This is her testimony, but there is nothing to show why she put that notation there. There is nothing in the register of deeds' office to show at the time the notice was issued that Elmore, Minnesota, was the postoffice address of the plaintiff; the deed merely shows that the First National Bank of Elmore, Minn. executed and delivered a deed to the plaintiff who is described as being of the county of Faribault, Minn. It is plain however that some one, somewhere, knew the plaintiff was from Elmore and mistook the name for Edmore. This mistake appears on the record received from the county treasurer and from this record the county auditor assumed the address was Edmore and therefore the notice was mailed to the plaintiff there. Plaintiff did not know of the issuance of this notice, and unless the record shows the county auditor made "reasonably diligent inquiry" to ascertain his postoffice address it is clear the tax deed cannot be upheld. Plaintiff was entitled to notice of the expiration of redemption. The statutory requirements must be complied with strictly. Trustee Loan Co. v. Botz, 37 N. D. 230, 164 N. W. 14; Golden Valley County v. Miller, 57 N. D. 101, 220 N. W. 839. This is conceded by everyone concerned. The real issue is did the county auditor make such "reasonably diligent inquiry" to ascertain the postoffice address of the plaintiff as is required by statute. The trial court found that he did not. Each delinquent must be treated as an independent case, no matter how many applications for deeds may come in at any time. Neither haste nor press of business dispenses with the requirements of the statute. It appears the county was in no hurry to get a tax

deed. It was not until the county secured a purchaser that steps were taken to perfect title. When the sale was made by the county to the defendant Funk it became necessary to secure a tax deed. The county auditor stated what his custom was and that the same was followed absolutely in all cases although he did not have any recollection as to this specific case. The most natural action would be for the county auditor to ascertain from the register of deeds what was the address of the record owner. The deed to the plaintiff was on record, but there is nothing to show the register of deeds certified there was no record address, or made any certificate or report or gave any information. We have a right to assume that if inquiry were made in this particular case the register of deeds would have told what his records showed, namely that the plaintiff was of the county of "Faribault, state of Minnesota," and that he had a deed from the First National Bank of Elmore, in that county and state. It is apparent the county auditor did not rely upon any report from the register of deeds. He relied upon this penciled notation in the tax list received some years before from the county treasurer, and assumed that "Edmore, N. Dak.," being the penciled notation written near the name Jensen, was the postoffice address. This is all of the inquiry shown to be made except the custom of the office said to be followed always. It is not such "reasonably diligent inquiry" contemplated by the statute. It is true the auditor is not required to exhaust every possible avenue, that his search is merely to be such "reasonably diligent inquiry" as the nature of the circumstances and conditions of his work, etc., would require. The most reasonable inquiry would have been to go to the register of deeds' office and if he had done so he would have found that Edmore, N. Dak., could not be the address. There was nothing to show the plaintiff had ever lived in North Dakota. There was no record anywhere in the register of deeds' office indicating plaintiff ever had a postoffice address of any kind in this state. It is true if the auditor had made this inquiry he might be in position to say he could not tell from the record what the postoffice address was as there might be several postoffices in Faribault county, but would have known however that it was not Edmore, N. Dak. He would have found the bank at Elmore in the county of the plaintiff had given this deed and in such case if he had made

inquiry from the grantor he could have found the address, or the name "Elmore" would suggest "Edmore" was incorrect. This is not a case where the auditor is misled by a report from the register of deeds or where he exhausts all reasonable methods and then picks the postoffice nearest the land, for Edmore is 120 miles from the land and has no connection whatever with it. It is quite apparent he merely looked on the tax list, saw a penciled notation put there by some one unknown to him and assumed it was correct without further inquiry. This does not show such "reasonably diligent inquiry" as is demanded by statute and therefore the judgment of the lower court is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.