[File No. 7057]

JOHN MAYER, Respondent, v. E. G. RANUM, Appellant.

(30 NW2d 608)

Opinion filed December 5, 1947.   Rehearing denied January 30, 1948

*L. T. Sproul* and *O. B. Herigstad,* for appellant.

*Wyckoff & Schulte,* for respondent.

NUESSLE, J.  The plaintiff claiming to be the owner of the East Half (E½) of the Northwest Quarter (NW¼) and Lots One (1) and Two (2) of section Thirty-one (31), Township One Hundred Fifty-three (153) North (N) of Range Ninety-one (91), West (W) of the Fifth (5th) principal Meridan, Mountrail County, North Dakota, the land herein involved, brought this

action to quiet title and determine adverse claims pursuant to the provisions of Chapter 32–17, §§ 32–1701, et seq., ND Rev Codes of 1943.

The defendant, Ranum, answering denied that the plaintiff was the owner of the premises in question and alleged that the plaintiff claimed title by virtue of a tax deed thereto executed and delivered to him by Mountrail County and that said tax deed was void because of jurisdictional defects in that there was no proper and sufficient service of notice of the expiration of the period of redemption. He further alleged that he, Ranum, was the owner of the premises in question and prayed judgment in his favor and against the plaintiff; That the plaintiff's cause of action be dismissed; That the proceeding leading to the issuance of the tax deed be adjudged null and void; That plaintiff be adjudged to have no estate, right, title or interest in said premises; That title to said premises be quieted in the defendant; That the plaintiff be required to account for the crop raised on the land during the years 1940 and thereafter, and to pay the one-fourth thereof as the value of the use and occupation of said premises for said years; That the defendant have judgment for the possession of said premises and for such other general relief as might be just together with costs and disbursements.

The case was tried to the court and judgment was ordered for the plaintiff in accordance with the prayer of his complaint. Judgment was entered accordingly whereupon the defendant perfected the instant appeal and demanded a trial de novo in this court.

There is little dispute as to the facts. The defendant Ranum became the owner of the land by purchase in 1916. Thereafter he contracted to sell it to one Englestad, who entered into possession thereof and occupied it for some years under the contract. Finally, believing that he could not pay for it pursuant to his contract, he surrendered the contract but continued in possession as tenant for some six or seven years and until 1932 or 1933. Ranum then rented the cultivated portion of the land to the plaintiff on a share basis. He to received one quarter of

the crop clear of expense. Ranum, however, reserved the house and other buildings together with a small plot around them with the understanding that Englestad, who had continued to live there, was to remain in possession and occupancy of the portion thus reserved. The plaintiff, who lived on another tract of land a mile or a mile and a half distant, took over the cultivated portion under this arrangement and tilled and cropped it. The rental contract was not in writing. Plaintiff continued to farm the portion of the land thus rented up to and including the year 1940 though no further or other contract or arrangement was made and entered into by and between the parties, but failed and refused to deliver the one fourth of the crop for 1940 to the defendant.

Ranum paid taxes on the land up to and including the year 1928. Thereafter they were not paid. In 1935 the land was sold at tax sale and bid in by and struck off to Mountrail County. In 1940 pursuant to the provisions of Chapter 235, SL 1939, the county proceeded to take title thereto because of failure to redeem. To that end the county auditor prepared the requisite notice of expiration of the period of redemption and sought to serve the same by registered mail as required by the statute. The notice was thus sent to Ranum as the record title owner, to the plaintiff as tenant in possession, and to such other persons as the register of deeds and clerk of court certified upon the auditor's request as being mortgagees or lien holders or others having an interest in the premises as shown by the records of their respective offices. Englestad was still living on the land as before, but no notice of expiration of the period of redemption was mailed to him nor was he notified in any other manner.

No redemption was made from the tax sale. Accordingly on October 1, 1940 deed was issued by the auditor to Mountrail County. Thereafter on November 19, 1940 the land was sold to the plaintiff on contract and in September 1942 deed was executed and delivered to him pursuant to the terms thereof. Plaintiff's claim of title is predicated on this deed.

Defendant challenges plaintiff's claim on the following

grounds; 1. That there was no proper or sufficient service of notice of expiration of the period of redemption; 2. Because no proof by affidavit of the publication of the notice of the expiration of the period of redemption in the official newspaper of Mountrail County was filed in the office of the county auditor; and, 3. Because the deed to Mountrail County taken on October 1, 1940 was void for the reason that it was issued in the name of the auditor of Mountrail County to Mountrail County instead of in the name of the State of North Dakota to Mountrail County.

The first challenge to the validity of the deed to the county is grounded on the premise that there was no proper and sufficient service of the notice of expiration of the period of redemption since there was no service by registered mail on Englestad, who was living upon the land with the owner's consent at the time the proceedings to take deed were had.

The statute, Chapter 235, SL 1939, pursuant to which the county acquired the tax deed, provides in Sub-section 3 of § 2, thereof:

"It shall be the duty of the county auditor on or before the first day of June to give notice of the expiration of the period of redemption as to all tracts of real estate on which the period of redemption will expire on October 1st following. Such notice shall be given:

"First: To the record title owner.

"Second: To the person in possession thereof.

"Third: Such notice shall *also* be given to mortgagees, lien holders, and other persons interested therein as may appear from the records of the register of deeds and clerk of the district court of said county.

"Notice of expiration of period of redemption shall be served by registered mail as hereinafter specified and in the manner prescribed. . . . ."

And Paragraph (a) of Sub-section 3, supra, reads:

"Notice shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, and *also* to each mort-

gagee, lien holder or other person interested therein as it may appear from the records of the office of register of deeds and clerk of the district court. It shall be the duty of the register of deeds and clerk of the district court within ten days after request by the county auditor to furnish him with a certified list giving the names, and so far as they appear on the records of the register of deeds and the clerk of the district court, the addresses of all persons who appear to be interested as owners, mortgagees, lien holders or otherwise in such real estate which has been sold to the county for taxes as may be specified by the county auditor in making such request."

Englestad was living upon the land with the consent and permission of Ranum at the time the county acquired its deed. There is no question but that when the oral arrangement to lease was made by and between the plaintiff and Ranum, the latter stipulated and it was so understood by the plaintiff, that Ranum reserved from this lease that portion of the premises which Engelstad occupied and used. The lease was for one year only. It was not in writing. There was no express renewal. But the plaintiff continued to use that portion of the land which he had rented in the same manner during all the years up to and including 1940. Each year he paid as rent one fourth of the crop raised, except for the year 1940 when he was notified that the county intended to take tax deed and that he should pay the county the rental for that year. Accordingly it must be presumed that the hiring for each of the years after the first was on the same terms and conditions as for the first year. See § 47–1606, Rev Code 1943, which provides:

"If a lessee of real property remains in possession thereof after the expiration of the hiring and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year."

It follows that in 1940 when the county sought to acquire deed to the property the status of Englestad with respect to it was exactly the same as it was when plaintiff originally leased it from the defendant.

Defendant contends that on the facts thus established Englestad was a "person in possession" of that portion of the premises which had been reserved for him and an "occupant in possession thereof". And, therefore, under the provisions of the statute heretofore quoted, service of the notice of expiration of the period of redemption was required to be made upon him by registered mail. The plaintiff, however, insists that this is not the case. That Englestad was merely a licensee and not a person in possession or an occupant of the premises or any part thereof within the meaning of the statute, and accordingly there was no need to serve the notice upon him. That in any event there was nothing of record in the offices of the register of deeds or the clerk of court that gave notice of his possession or occupancy or any other interest in the premises and accordingly it was not necessary to serve the notice upon him.

Of course the defendant was in duty bound to pay the taxes imposed upon his land and was charged with knowledge that if he failed to do so the county would sell it and acquire title thereto. Cota v. McDermott, 73 ND 459, 16 NW2d 54, 155 ALR 1271, and cases cited. But such proceedings are drastic and every step therein prescribed by the statute must be strictly complied with. Failure to do so vitiates the deed. See Anderson v. Roberts, 71 ND 345, 1 NW2d 338; Schott v. Enander, 73 ND 352, 15 NW2d 303; Biberdorf v. Juhnke, 59 ND 1, 228 NW 233.

Plaintiff contends that since Englestad's status with respect to the premises, whatever it might have been, was not shown on the records of the office of the register of deeds or clerk of court, no service was required to be made upon him. The statute speaks clearly to the contrary. The first portion of Sub-section 3, supra, specifically provides, "Such notice shall be given: First: To the record title owner. Second: To the person in possession thereof. Third: Such notice shall *also* be given to mortgagees, lien holders, and other persons interested therein as may appear from the records of the register of deeds and clerk of the district court of said county. Notice of expiration of period of redemption shall be served by registered mail as hereinafter

specified and in the manner prescribed . . . ." And Paragraph (a) of Sub-section 3, supra, reads, "Notice shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, and *also* to each mortgagee, etc.". Reading these provisions together as we must do it is obvious that the occupant or tenant in possession must be served whether or not his interest appears on the records in the offices of the register of deeds or clerk of court. It is impossible to gather any other meaning from this wording.

It is true the statute makes no provision for search or inquiry by the auditor or any one else to determine whether there be an occupant or anyone in possession of the property prior to making service, but neither does it make provision for any such inquiry as to the owner or tenant in possession. Nevertheless, since it does require service upon such a one, if the auditor fails to make it, the requirements of the statute are not complied with. It may be that the statute is wanting in this respect. But this cannot operate to the prejudice of the owner. In this connection it is to be noted that thereafter and in 1941 the legislature repealed Chapter 235, SL 1939 by the enactment of Chapter 286, SL 1941. This latter chapter in Section 4 thereof, provides that service of notice of the expiration of the period of redemption shall be made by registered mail upon the record title owner and upon all mortgagees, lien holders and other persons interested therein as may appear from the records of the register of deeds and the clerk of court of said county. Thus the requirements that service be made upon the owner, the person in possession, and on the occupant or tenant in possession, if any, were eliminated, unless their interests appeared of record.

There is no question but that plaintiff was a tenant in possession of all of that portion of the land not reserved for and occupied by Englestad. The trial court found that Englestad was merely a licensee and an agent of the defendant. Whatever his status was no one but Ranum had any right to evict or dispossess him. Certainly under the terms of the continuing arrangement between Ranum and the plaintiff the plaintiff had

no such right. And just as certainly, so far as the buildings on the land were concerned and the plot of ground around them, Englestad was in possession and an occupant thereof. This being so, Englestad was required to be served with notice just as the plaintiff tenant was. See Schott v. Enander, 73 ND 352, 15 NW2d 303, supra.

We conclude then that Englestad was an occupant and person in possession within the meaning of the statute; that service of notice of expiration of the period of redemption was required to be made upon him as such; that it was not made; that accordingly the deed to the county was void and the plaintiff is not entitled to the relief for which he prays in the complaint. Therefore, it is not necessary to consider the other contentions on which the defendant grounded his challenge to the validity of the deed.

There remains for consideration the counter claim of the defendant. In this counter claim he alleged his ownership of the land in question, the invalidity of the county's deed, the occupation of a portion of the premises by the plaintiff as his tenant, the non-payment of the rent, and prayed for relief as follows:

"That the title to said premises be quieted in the defendant and that the defendant's title in and to said premises be decreed and established, and that the plaintiff be forever debarred and enjoined from asserting any claim or interest in or to said premises; That the plaintiff be required to account for all the receipts and rents and profits from said premises since and including the year 1940; That defendant have judgment against the plaintiff for one-fourth of the value of said rents and profits less any taxes paid on said premises for said years by the plaintiff as the value of the use and occupation of said premises by the plaintiff during said period since and including the year 1940."

It appears from the record that the plaintiff planted and harvested the crop grown on the land in 1940 and used and occupied it thereafter until this action was brought. His occu-

pancy in 1940, as we have shown, was under a yearly crop lease from the defendant. He paid no rental for 1940 nor for any of the years thereafter. There is nothing, however, in the record to show what crops if any were raised during any of these years or the value of the one fourth thereof or otherwise as to the value of the use and occupation of the premises. Neither is there anything in the record to show that plaintiff paid any of the taxes levied and assessed against the land during that period.

The case is here for trial de novo. There being no proof with respect to the value of the use and occupation of the premises we must presume that his claim to recover therefor was abandoned by the defendant, and we so hold. Accordingly, the judgment of the district court is reversed and the case is remanded with the direction that the counter claim of the defendant for the value of the use and occupation of the premises be dismissed, but that judgment be entered for the defendant quieting title to the premises in him as against the plaintiff.

CHRISTIANSON, Ch. J., and BURKE and BURR, JJ., and GRIMSON, District Judge, concur.

MORRIS, J. did not participate, HON. G. GRIMSON, Judge of Second Judicial District, sitting in his stead.

Filed Jan. 30, 1948

NUESSLE, J. (On petition for rehearing). Defendant has filed a petition for a rehearing. His contention is that the case should have been remanded for an accounting, and to permit him to make proof of the value of the use and occupation of this land involved in this action, and accordingly this court erred in not so ordering. The action is one to quiet title. The plaintiff claimed title through a tax deed. The defendant, who had owned the land, had not paid taxes on it for some seventeen years at the time the action was brought. In response to the allegations of the complaint, he answered, setting up title in

himself, and, counterclaiming, prayed that title might be quieted in him and that the plaintiff make an accounting of the crops raised during the years 1940 and thereafter. He further prayed for a recovery of the value of the use and occupation of the premises during those years less the amount of such taxes as might have been paid by the plaintiff.

On the trial of the case the defendant proved title in himself and a faulty tax sale proceeding which attempted to but did not divest him of that title. Though he had the plaintiff in court he made no proof nor did he offer or attempt to prove that the plaintiff had raised any crops during the years in question. Neither did he prove or attempt to prove the value of the use and occupation of the premises during those years, nor the amount of any taxes that might have been paid by the plaintiff. It may be that he believed that the taxes accumulated through the years when he had not paid, would more than offset the value of the use and occupation of the premises during the time the plaintiff occupied them. In any event, he had his day in court. He failed to make proof in support of his claim though he had an opportunity to do so. Under the circumstances he must be held to have abandoned his claim of right to recover from the plaintiff for the value of the use and occupation. The trial court rightly dismissed his counterclaim to that extent.

The petition is denied.

CHRISTIANSON, Ch. J., and NUESSLE and BURKE, JJ., and GRIMSON, District Judge, concur.

BURR, J., did not participate.