Gary G. GRIFFETH, and Opal R. Griffeth, husband and wife, Plaintiffs and Appellees,

v.

CASS COUNTY, North Dakota, a Municipal Corporation, et al., Defendants,

and

Esther Williamson, Defendant and Appellant.

Civ. No. 9195.

Supreme Court of North Dakota.

July 21, 1976.

Herschel I. Lashkowitz, Fargo, for defendant and appellant.

Eugene A. Kruger, Kruger, Yuill & Feder, Fargo, for plaintiffs and appellees.

ERICKSTAD, Chief Justice.

This is an appeal from a Cass County District Court judgment quieting title in Gary and Opal Griffeth to Lot Twelve (12), Block Nineteen (19), College Second Addition in the City of Fargo.

Cass County had acquired title to the property in 1971, with the county auditor's records standing in lieu of a tax sale certificate as authorized by Section 57–24–23,

N.D.C.C. The auditor's tax deed was dated April 5, 1971.

More than three years later, pursuant to Section 57–28–01, N.D.C.C., the auditor initiated statutory procedures relating to notice of the expiration of the period of redemption. Prior to June 1, 1974, the auditor prepared a yellow card listing the record owner of the property, her name and address as "Augusta M. Schultz—Fargo, North Dakota," and the legal description of the property. In accordance with Section 57–28–04, N.D.C.C., the auditor forwarded the card to the register of deeds and to the clerk of district court.

The deputy clerk of district court checked the name and the property description for liens or judgments against either and noted a judgment against a man named Williamson. A deputy in the register of deeds' office determined that "Augusta M. Schultz was the owner, and that at that time there was a mortgage and assignment of mortgages against that property." As to the procedure relating to judgment liens, see Hefty v. Aldrich, 220 N.W.2d 840, 843–844 (N.D.1974).

Notices of expiration of period of redemption were sent to "Augusta M. Schultz —Fargo, North Dakota" and to "National Housing Corporation, c/o Universal C.I.T. Credit Corporation, 1750 Hennepin Avenue, Minneapolis, Minnesota." Both were returned as undeliverable.

The auditor testified that his office does not normally parallel legal descriptions and street addresses, that his office checked the tax list in the treasurer's office in order to prepare forms showing the taxes due, and that his office searches the telephone and city directories to find an address if there is none with the property description.

In July 1974, the auditor published notice of the expiration of period of redemption, as he is required to do by Section 57–28–06, N.D.C.C. This notice included reference to Augusta Schultz and to a street address of 810 27th Street North in Fargo. During the interim the auditor had contacted the city assessor and learned the street address of the property because he had become

"aware of the new section of law which required in all legal publications, if it's possible, some means of identification or address." *See* S.L.1973, Ch. 372, § 1, codified as Section 46–05–08, N.D.C.C. (1973 Supp.), and repealed by S.L.1975, Ch. 420, § 1.

The name and street address also appeared in the published notice of the annual sale of real estate forfeited to the county because of delinquent taxes. The sale was duly held on November 19, 1974, at which time the Griffeths purchased the property for $3,024.37. Their county deed was recorded on November 29, 1974, one minute after the auditor's tax deed of April 5, 1971, had been recorded.

The Griffeths subsequently brought this action to quiet title, naming as captioned defendants Burdette Williamson, Esther Williamson, and Augusta M. Schultz, among others. Only Esther Williamson, whose maiden name is Esther Augusta Matilda Mammenga, who was married to a Schultz and widowed, and who subsequently married Burdette Williamson, answered the complaint. Esther Williamson, a.k.a. Augusta Schultz, had purchased the lot in 1958 after her first husband's death, and built a three-bedroom house on the lot which she has occupied since December 1966. On February 15, 1968, she paid her taxes at the treasurer's office and, according to her testimony, instructed that office to send her subsequent mail to 810 27th Street North in Fargo. When the property was sold to the Griffeths, there was a balance due on the 1969 taxes and no subsequent taxes had been paid.

By Section 57–20–02, N.D.C.C., the county auditor is required to "make out the tax lists according to the prescribed form to correspond with the assessment districts of the county." These tax lists shall be delivered to the county treasurer on or before December 15 of each year and the treasurer must collect the taxes due. It appeared in this case that a "Statement of Real Estate Taxes for the Year 1973" was prepared in the Cass County Auditor's office in November 1973 and that the statement was captioned "Augusta M. Schultz, College Second Addition, 810 North 27, Fargo, North Dakota 58102."

In response to the contentions of Esther Williamson (Augusta M. Schultz) that the auditor should have either served the person residing on the property, personally by reason of Section 57–27–02, N.D.C.C., or that the auditor, having actual knowledge of her mailing address, should have sent the notice of expiration of period of redemption to her at that street address, the trial judge held that the auditor is not required to go beyond the records of the register of deeds and the clerk of district court to ascertain the address of the record owner. In doing so, the trial judge relied upon the decision in *Hefty v. Aldrich, supra.*

In *Hefty* it was asserted that the tax deed proceedings were fatally defective because a judgment lienholder entitled to notice was not served with notice of expiration of period of redemption. In determining that a third-party homestead statement recorded pursuant to Section 50–24–15, N.D.C.C., "is neither a muniment of title as to the individual named nor a claim by an individual to an interest," we noted that the county officials concerned with Section 57–28–04, N.D.C.C., may rely on the records and that "the statute does not place upon them the burden of otherwise ascertaining who is the actual owner of the property." *Hefty v. Aldrich, supra,* 220 N.W.2d at 845.

The trial judge concluded that "there is nothing in the record to justify a court in holding under the law that it was his [the auditor's] duty to search the records of the yearly real estate tax statements to ascertain a more particular address of the owner." We think that this conclusion falters both constitutionally and statutorily, and we reverse the judgment.

In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the United States Supreme Court held that notice by publication given "in strict compliance with the minimum requirements" of a statute providing for common trust funds did not meet the rule that notice must be reasonably calculated to reach interested parties. *Id.,* at

309, 314, 70 S.Ct. at 655, 657. *Mullane* is only analogous to this case, since the proceedings there were judicial, designed to settle the corporation's first account as common trustee, and the decree would have "sealed and wholly terminated" every right which the beneficiaries would have had against the trust company for improper management of the fund during the accounting period. *Id.*, at 311, 70 S.Ct. at 656.

The opinion in *Mullane* and the restatement of its rule in *Schroeder v. City of New York*, 371 U.S. 208, 212–213, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962), "that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question" provide us with the constitutional perspective to this case.

█ In this state the right of redemption has been assiduously guarded. Thus, we have declared that "service of the notice of the expiration of the period of redemption in the form, substance and kind prescribed by statute is jurisdictional." *Brink v. Curless*, 209 N.W.2d 758, 767 (N.D.1973), overruled in other part by *City of Bismarck v. Muhlhauser*, 234 N.W.2d 1, 5 (N.D.1975). In *Mayer v. Ranum*, 75 N.D. 548, 30 N.W.2d 608 (1948), Syllabus ¶ 2, we noted that an owner is charged with the knowledge that failure to pay real estate taxes will eventually result in sale of the land, "but such proceedings are drastic and every step therein prescribed by statute must be strictly complied with."

█ In *Payne v. A. M. Fruh Company*, 98 N.W.2d 27 (N.D.1959), we determined that where the register of deeds did not certify the name and address of the record owner and the record owner did not actually receive notice, the contention that the auditor had followed the law was unavailing. "It is not enough that one of the named officers do his duty, each must strictly comply with the statute in order to make the tax title proceedings valid, if service of the notice is

not made on interested persons. [Citations omitted.]" *Id.*, at 30.

We believe that, in this case, the auditor failed in the duty which is always implicit in notice provisions, to give actual notice to the parties affected. The Cass County auditor had two opportunities to give actual notice to Esther Williamson, the second more noticeable but no less compelling than the first.

His first opportunity arose when he prepared the yellow card. He testified that the "first thing we do is check the tax list in the treasurer's office and prepare forms showing the taxes due for the past five years." As noted previously, the tax lists are prepared by the auditor, delivered to the treasurer, and then used by the treasurer to collect the taxes due. While the pertinent statutes do not require the post office addresses of the taxpayers on the tax list, it offends common sense to assume the addresses are not available. In the instant case the auditor possessed within his own office the addressograph card which included the appellant's name (Augusta M. Schultz) and her current street address (810 North 27) in Fargo.

█ We believe that the auditor has a duty to search the records of his own office in an effort to ascertain the post office address of the delinquent taxpayer whose right of redemption is about to expire, and to use the most specific information available in his office relating to the record owner's address in conjunction with mailing the notice of the expiration of the period of redemption. This is in part true because of the predominant role that the legislature has given to the auditor in the preparation of the tax lists, including the preparation of the statement of real estate taxes due. Of all the county officers, the auditor bears the ministerial responsibilities most closely connected with the identity and address of each person who is assessed real estate taxes. The failure to use the most specific and recent information available from the auditor's official records is a jurisdictional defect if it results in lack of service and consequent prejudice to the true owner.

*Hefty v. Aldrich, supra,* related only to the records produced pursuant to Section 57–28–04, N.D.C.C., fn. 1, *infra.* We do not read it, as the trial court apparently did, to mean that the auditor need not search his official records. The decision in *Hefty* and our decision today are consistent and complementary.

The auditor's second opportunity would also have been dispositive of this case. He went beyond the duties imposed by Chapter 57–28, N.D.C.C., and discovered the street address of the delinquent taxpayer. In the published notice he included that address. " 'Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.' *[Mullane, supra]* 339 U.S., at 318, 70 S.Ct., at 659." *Schroeder v. City of New York, supra,* 371 U.S. at 213, 83 S.Ct. at 282.

Knowing that the notice of expiration of period of redemption had been sent by registered mail to a patently insufficient address in North Dakota's largest city and that it had been returned without receipt (stamped "Return to Sender" and in longhand "Unknown. Not in Directory"), the auditor should have sent another notice to the street address that he subsequently discovered in the pursuit of his official duties. To hold otherwise contravenes the spirit of the law in pursuit of its letter, while to thus hold pursues the spirit of the law without disregarding its letter. *Compare* Section 1–02–05, N.D.C.C., *with* Section 1–02–38, N.D.C.C.

The auditor also sent the appellant a "courtesy notice" to a Moorhead, Minnesota, address. It was returned unopened with the notation, "Return to sender. Wrong name." The address was formerly that of Esther Williamson's son, Virgil Schultz, but the auditor did not recall where the address had been found. Since the courtesy notice did not cause the appellant prejudice, *Wittrock v. Weisz,* 73 N.W.2d 355 (N.D.1955), nor give her actual notice, *Jensen v. McHenry County,* 59 N.D. 42, 228 N.W. 451 (1930), nor does it appear that the address was one certified by the register of deeds, *Schott v. Enander,* 73 N.D. 352, 15 N.W.2d 303 (1944), the "courtesy notice" is not of consequence in this case.

Esther Williamson suggests also in this case that Section 57–27–02, N.D.C.C., impliedly amends Section 57–28–04, N.D.C.C. Chapter 57–27, N.D.C.C., concerns the redemption procedure to be followed when an individual holds a tax certificate, while Chapter 57–28, N.D.C.C., relates to procedure to be used when the county has assumed title because of delinquent taxes. Section 57–27–02(3), N.D.C.C., requires service of notice of expiration of period of redemption upon the resident or the tenant of the land in question, while Section 57–28–04, N.D.C.C., imposes no such requirement.[1] These sections are not amenable to

---

1. In pertinent part, Section 57–27–02, N.D.C.C., reads as follows:

"57–27–02. *Notice of expiration of period of redemption—Contents of notice.—* The procedure upon presentation of a tax sale certificate shall be as follows:

"1. [This subsection specifies the demand for such notice by the holder of a tax sale certificate and the form and substance of the notice.]

"2. A notice of expiration of the period of redemption shall be delivered to the sheriff who shall serve it or cause it to be served personally upon the owner, if known to be a resident of this state, but if the owner is a nonresident of this state, the notice shall be served by registered or certified mail addressed to the owner at his last known post-office address and by publication once in each week for three consecutive weeks in some newspaper printed and published in the county where the lands to which the notice relates are located, and if no newspaper is published therein, then in some newspaper printed and published at the capital of the state;

"3. The notice shall be served personally upon any person actually residing upon the property covered by a tax sale certificate and upon any tenant or other person entitled to the possession of said property as may appear from the records of the register of deeds; and

"4. * * *" N.D.C.C.

Section 57–28–04, N.D.C.C., specifies the notice required where the county has purchased the land because of delinquent taxes:

"57–28–04. *Service of notice by registered or certified mail.—* The county auditor shall

the construction of implied amendment. *See Rodgers v. Freborg*, 240 N.W.2d 63 (N.D.1976). Whether the classification imposed is an unreasonable one is a different inquiry which need not be answered here, but which is worthy of legislative consideration.

Having found for the reasons previously stated that the notice of expiration of the period of redemption was defective and that the county deed to the Griffeths is thus invalid, we reverse the judgment of the district court and remand the case for disposition consistent with this opinion.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.

serve the notice of the expiration of the period of redemption upon the owner of the record title of the real estate sold to the county for taxes, and upon each mortgagee, lien holder, and other person interested therein as may appear from the records of the register of deeds and the clerk of the district court of said county. Said notice shall be served by registered or certified mail, and a registry and return receipt shall be demanded and filed with proof of service. The expense of such service by registered or certified mail shall be added to the amount required to redeem, and shall be paid by the person making the redemption in addition to the amounts stated in the notice. The auditor shall make proof of such service by affidavit showing the names and addresses of all parties upon whom such notice was served, with the date of mailing in each case, and shall attach the registry, certification, and return receipts thereto, and shall file such affidavit and receipts with the original notice of the expiration of the period of redemption. The register of deeds and the clerk of the district court, upon request by the county auditor, and within ten days thereafter, shall furnish him with a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lien holders, or otherwise in the said real estate, upon whom the notice of the expiration of the period of redemption must be served." N.D.C.C.