MILES HOMES DIVISION OF INSILCO CORPORATION, a Connecticut corporation, Plaintiff and Appellant,

v.

CITY OF WESTHOPE and Bottineau County, North Dakota, Defendants and Appellees.

Civ. No. 890395.

Supreme Court of North Dakota.

July 3, 1990.

Pringle & Herigstad, P.C., Minot, for plaintiff and appellant; argued by John J. Petrik.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendants and appellees; argued by Robert A. Wheeler.

ERICKSTAD, Chief Justice.

Miles Homes Division of Insilco Corporation [Insilco] appeals from a summary judgment dismissing its negligence action against the city of Westhope and Bottineau County. We reverse and remand.

In February 1980 Barry O. and Tamara G. Deschamp gave Insilco a mortgage to a lot in Westhope to secure a $46,868 debt. The mortgage, which was recorded with the Bottineau County Register of Deeds, listed Insilco's address as "4500 Lyndale Avenue North, Minneapolis, Minnesota 55412." In November 1980, Insilco assigned its interest in the mortgage to Miles Finance Company. The assignment was recorded with the register of deeds and listed the address of Miles Finance Company as "4500 Lyndale Avenue North, Minneapolis, Minnesota 55412." The Deschamps failed to pay the real estate taxes assessed against the property.

In May 1985 the Bottineau County Auditor issued a notice of expiration of period of redemption which stated that if the 1980 taxes were not paid by October 1, 1985, a tax deed would be issued to the county. A copy of the notice was mailed to Insilco at the Lyndale Avenue address. The register of deeds had furnished the county auditor with the Lyndale Avenue address, the only address for Insilco appearing in her records. Insilco received the notice and paid the delinquent taxes with a check which listed its address as "4700 Nathan Lane, P.O. Box 9495, Minneapolis, Minnesota 55440." The Nathan Lane address also appeared on a cover letter which accompanied the check. The Bottineau County Treasurer mailed the tax payment receipt to Insilco at the Nathan Lane address, but the receipt, although listing Insilco as the payer, did not list Insilco's address.

In May 1986 the county auditor mailed a copy of the notice of expiration of period of redemption for 1981 taxes to Insilco and Miles Finance Company at the Lyndale Avenue address. Insilco received the notice

and paid the delinquent taxes. The check, cover letter, and return envelope listed Insilco's Nathan Lane address. The county treasurer again mailed the tax payment receipt to Insilco at the Nathan Lane address but recorded only Insilco as payer, and not Insilco's address, on the receipt.

In May 1987 the county auditor issued another notice of expiration of period of redemption for 1982 tax delinquencies and again mailed copies of the notice to Insilco and Miles Finance Company at the Lyndale Avenue address. This time the notices were returned to the county auditor undelivered and marked "moved order expired."

The 1982 taxes were not paid and in October 1987 an auditor's tax deed was issued transferring title to the property to Bottineau County. In June 1988 Bottineau County issued a county deed to the property to the city of Westhope, which subsequently sold the property to private purchasers.

In February 1989 Insilco brought this action seeking $20,000 in damages for the loss of its mortgage security caused by the alleged negligence of Bottineau County through its county auditor and county treasurer in failing to record the new Nathan Lane address and to mail the 1987 notice of expiration of period of redemption to that address. Westhope and Bottineau County moved for summary judgment asserting that the county officials complied with § 57–28–04, N.D.C.C.; that any actions beyond what that statute required would be a discretionary function; and that under § 32–12.1–03(3), N.D.C.C., the county and city were immune from liability for discretionary functions.

The trial court granted the summary judgment motion. The court determined that the auditor sent the notice of expiration of period of redemption to the address furnished her by the register of deeds (the Lyndale Avenue address), as is required by § 57–28–04, N.D.C.C. The court also determined that even if the treasurer had a statutory obligation under § 57–20–08, N.D.C.C., to provide the auditor with Insilco's new address, whether the treasurer complied with § 57–20–08 was "irrelevant"

because § 57–28–04 nevertheless required that notice be sent to the address furnished by the register of deeds. The court concluded that "nothing in the law imposes upon county auditors the obligation to go beyond the requirements of section [57–28–04] to try to determine other addresses for lien holders." The court dismissed the action and Insilco has appealed.

■ Summary judgment is proper when, after viewing the evidence in the light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine dispute as to either material facts or the inferences to be drawn from undisputed facts. *Production Credit Ass'n of Fargo v. Ista*, 451 N.W.2d 118, 120 (N.D.1990). Even if factual disputes exist, summary judgment is appropriate when resolution of the factual disputes would not change the result. *Russell v. Bank of Kirkwood Plaza*, 386 N.W.2d 892, 897 (N.D.1986).

Section 57–28–04, N.D.C.C., which relates to the procedure to be used when a county has assumed title to property because of delinquent taxes, provides in pertinent part:

"*57–28–04. Service of notice of the expiration of the period of redemption.* The county auditor shall serve the notice of the expiration of the period of redemption upon the owner of the record title of the real estate sold to the county for taxes, and upon each mortgagee, lienholder, and other interested person as may appear from the records of the register of deeds and the clerk of the district court of the county.... The register of deeds and the clerk of the district court, upon request by the county auditor, and within ten days thereafter, shall furnish the county auditor with a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lienholders, or otherwise in the real estate, upon whom the notice of the expiration of the period of redemption must be served."

Westhope and Bottineau County rely on *Schott v. Enander*, 73 N.D. 352, 15 N.W.2d 303 (1944), and *Coverston v. Grand Forks County*, 74 N.D. 552, 23 N.W.2d 746 (1946), in support of the proposition that, by complying with § 57–28–04, the county auditor did all that was required of her under the law.

In *Schott v. Enander* the former owner of tax-forfeited property challenged the sufficiency of service to him of the notice of expiration of period of redemption. The auditor sent the notice in accordance with the predecessor statute to § 57–28–04, but it was returned undelivered and stamped "insufficient address." In response to the argument that the mailing was insufficient to comply with the statute because the owner never received the notice, the court said:

"In this case the statute was followed and the procedure prescribed for obtaining the address was adhered to. There was no obligation on the part of the auditor to go beyond what the statute prescribed in obtaining information as to the address of the record owner." *Schott v. Enander, supra,* 15 N.W.2d at 305.

In *Coverston v. Grand Forks County*, the former owner of property sought to have a county tax deed declared null and void because he did not receive notice of expiration of the period of redemption. The former owner argued that § 57–2804 of the 1943 Revised Code of North Dakota contemplated that the notice shall be received by the person to whom it is addressed, and absent actual notice, his right of redemption could not be extinguished. This court disagreed, stating:

"It is exclusively within the power of the legislature to prescribe what notice shall be given and by whom in order that the county may acquire title to property against which it holds tax certificates. When the officer whose duty it is to serve the notice of the expiration of the period of redemption complies fully with the statute the service is complete and is effective to accomplish the purpose intended. In this case the county auditor complied fully with the statute. Personal delivery by mail or otherwise is neither required nor contemplated. The fact

that the plaintiff did not receive the notice does not militate against the validity or effectiveness of the statutory procedure that was followed by the county auditor." *Coverston v. Grand Forks County, supra,* 23 N.W.2d at 749.

*Schott v. Enander* and *Coverston v. Grand Forks County* are not dispositive of the question in this case for two reasons. First, both cases predate the United States Supreme Court's decision in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), where the Court held that prior to an action which will affect an interest in life, liberty, or property protected by the due process clause of the Fourteenth Amendment, a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." This principle undoubtedly applies to mortgagees in tax sale proceedings [*see Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) ], and we have indicated that notice issues in tax sale cases must be analyzed with this "constitutional perspective" in mind. *Griffeth v. Cass County,* 244 N.W.2d 301, 304 (N.D.1976).

Second, it does not appear that the court in either *Schott v. Enander* or *Coverston v. Grand Forks County* was requested to consider the consequences of a failure to comply with the statutory predecessor to § 57–20–08, N.D.C.C., which provides in pertinent part:

"*57–20–08. Tax receipts—What to specify—Numbered consecutively—Duplicate copies filed with county auditor—Triplicate copies retained and filed numerically by county treasurer.* Upon the payment of any tax, the county treasurer shall give to the person paying the same a receipt therefor showing the name and post-office address of such person, the amount and date of payment, the land, lot, or other property upon which the tax is levied, according to the description on the tax list, or in some other sufficient manner, and the year or

years for which the tax was levied.... The treasurer shall make triplicates of all receipts and shall return a duplicate copy at the end of each day to the county auditor, who shall file and preserve them in his office charging the treasurer with the amount thereof. The triplicate copy shall be preserved in the office of the county treasurer and filed in numerical order."

We disagree with the trial court's conclusion that a failure to comply with § 57–20–08, N.D.C.C., is "irrelevant." In construing a statute, we "cannot assume that the legislature intended a useless act." *State v. Odegaard,* 165 N.W.2d 677, 681 (N.D.1969). *See also* § 31–11–05(23), N.D.C.C. When statutes relate to the same general subject matter, we must make every effort to give meaningful effect to each without rendering one or the other useless. *Hospital Services, Inc. v. Brackey,* 283 N.W.2d 174, 177 (N.D.1979).

Section 57–28–04 required the county auditor to mail the notice of the expiration of the period of redemption to the addresses supplied by the register of deeds. The auditor did so and mailed the notice to Insilco at the Lyndale Avenue address. Section 57–20–08 required the county treasurer to give the person paying the taxes a receipt showing the taxpayer's name and post-office address, and to return a duplicate copy of the receipt "to the county auditor, who shall file and preserve them in his office...." The payment receipts, although mailed to the Nathan Lane address and listing Insilco as payer, do not contain any address of the taxpayer. Nor does this record show that a duplicate copy of the receipts was forwarded to the county auditor. Section 57–20–08 clearly obligated the county treasurer to give the county auditor, through the duplicate receipts, notice of Insilco's Nathan Lane address.

Construing §§ 57–28–04 and 57–20–08 in light of *Mullane* and its progeny, and to give meaning to both statutes without rendering one or the other meaningless, we conclude that the requirement in § 57–20–08 that the county treasurer furnish the county auditor with a duplicate

receipt containing the name and address of the person paying the tax was intended to provide the county auditor with a secondary address to resort to for mailing a notice of expiration of period of redemption, when, as here, the notice is sent to the address furnished by the register of deeds under § 57–28–04 and is returned undelivered. Westhope and Bottineau County have not suggested any other purpose for this requirement of § 57–20–08, and we can think of none.

Our conclusion is in accord with what was said in *Griffeth v. Cass County, supra,* 244 N.W.2d at 304:

"We believe that the auditor has a duty to search the records of his own office in an effort to ascertain the post office address of the delinquent taxpayer whose right of redemption is about to expire, and to use the most specific information available in his office relating to the record owner's address in conjunction with mailing the notice of the expiration of the period of redemption. This is in part true because of the predominant role that the legislature has given to the auditor in the preparation of the tax lists, including the preparation of the statement of real estate taxes due. Of all the county officers, the auditor bears the ministerial responsibilities most closely connected with the identity and address of each person who is assessed real estate taxes. The failure to use the most specific and recent information available from the auditor's official records is a jurisdictional defect if it results in lack of service and consequent prejudice to the true owner."

■ Thus, in this case, after the county auditor complied with § 57–28–04 and the notice was returned undelivered and marked "moved order expired," the county auditor had a duty to search the file of tax payment receipts furnished by the county treasurer pursuant to § 57–20–08 for a possible new address for Insilco, and to mail the notice to that address. Had the county officials complied with the law, this proce-

dure should have resulted in the notice of expiration of period of redemption being mailed to Insilco's Nathan Lane address.

■ Westhope and Bottineau County assert, however, that any attempt to ascertain Insilco's address beyond complying with § 57–28–04 would be a discretionary act under § 32–12.1–03(3)(c), N.D.C.C., for which they are immune from liability. Under the circumstances of this case, we disagree.

Section 32–12.1–03(3)(c) provides:

"*32–12.1–03. Liability of political subdivisions—Limitations.*

\*　\*　\*　\*　\*　\*

"3. A political subdivision is not liable for any claim based upon an act or omission of an employee of a political subdivision, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance, exercising due care, or the failure to exercise or perform a discretionary function or duty on the part of a political subdivision or its employees, whether or not the discretion involved be abused. Specifically, a political subdivision or an employee thereof is not liable for any claim which results from:

\*　\*　\*　\*　\*　\*

"c. The decision to perform or the refusal to exercise or perform a discretionary function or duty, whether or not such discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation, or resolve under which the discretionary function or duty is performed is valid or invalid."

We have recognized that the distinction between discretionary and ministerial acts is often one of degree and is determined by a consideration and evaluation of a number of competing factors under the particular circumstances of each case. *Loran v. Iszler,* 373 N.W.2d 870, 873 (N.D.1985).[1] In

---

1. In *Loran v. Iszler,* 373 N.W.2d 870, 873 (N.D. 1985), we said:

"Those relevant factors are summarized in Comment f to § 895D [of the *Restatement*

*Rising v. Dickinson,* 18 N.D. 478, 121 N.W. 616 (1909), this court held that a register of deeds could be liable for fault in the purely ministerial action of recording a mortgage. In *McCroskey v. Cass County,* 303 N.W.2d 330, 335 (N.D.1981), we held that it was a nondiscretionary function for law enforcement officers to follow a statutory directive and correction center operating policy requiring police officers, upon placing an intoxicated person in jail, to notify that person's family as soon as possible. We likewise view the statutory directives at issue in this case as nondiscretionary functions.

The duties imposed upon the county treasurer and auditor by §§ 57–28–04 and 57–20–08 and by our construction of those statutes are not of the type that may appear to be mandatory, but yet permit a substantial amount of discretion as to how those duties are to be exercised, as we held in *Sande v. City of Grand Forks,* 269 N.W.2d 93, 97 (N.D.1978). Nor are they comparable to a political subdivision's process of determining whether to grant or deny applications. *See McLain v. Midway Township,* 326 N.W.2d 196, 199 (N.D.1982). Section 57–20–08 requires the county treasurer to list the name and post office address of the person paying the property tax on the receipt and to provide the county auditor with a duplicate copy of that receipt. The county auditor is required to "file and preserve" the receipts in the county auditor's office. There is nothing discretionary about these duties. The record does not show that the county treasurer or auditor fulfilled these nondiscretionary functions in this case.

Construing §§ 57–28–04 and 57–20–08 in an effort to harmonize them and give effect to both, we have held in this case that when the address supplied by the register of deeds results in an undelivered notice, the county auditor has a duty to search the file of tax payment receipts required to be kept by § 57–20–08 for the possibility of a secondary address, and if a secondary address is found, to mail the notice of expiration of period of redemption to that address.[2] To hold that an auditor's duty to search the file of tax payment receipts for a secondary address and mail the notice to that address is merely a discretionary function would seriously erode the right of redemption, which we have recognized as "a valuable property right." *Brink v. Curless,* 209 N.W.2d 758, 770 (N.D.1973), *overruled on other grounds, City of Bismarck v. Muhlhauser,* 234 N.W.2d 1, 5 (N.D.1975). The statutory requirements "as to

*(Second) of Torts* ]:

" '(1) The nature and importance of the function that the officer is performing.

\* \* \* \* \*

" '(2) The extent to which passing judgment on the exercise of discretion by the officer will amount necessarily to passing judgment by the court on the conduct of a coordinate branch of government.

\* \* \* \* \* \*

" '(3) The extent to which the imposition of liability would impair the free exercise of his discretion by the officer.

\* \* \* \* \* \*

" '(4) The extent to which the ultimate financial responsibility will fall on the officer.

\* \* \* \* \* \*

" '(5) The likelihood that harm will result to members of the public if the action is taken.

\* \* \* \* \* \*

" '(6) The nature and seriousness of the type of harm that may be produced.

\* \* \* \* \* \*

" '(7) The availability to the injured party of other remedies and other forms of relief . . . .' "

2. Because the county is the named defendant and is responsible for acts of the auditor and the treasurer, we need not decide whether or not the county auditor need look further than the tax receipts to determine an address if the tax receipts contain no address, for the treasurer is, as we have already observed, responsible for placing the address on the receipt.

the service and proof of service of the notice required to terminate an owner's right to redeem from a tax sale are considered 'mandatory [and] are construed strictly in favor of the owner....' " *Mund v. Rambough,* 432 N.W.2d 50, 53 (N.D. 1988) [quoting *Wilke v. Merchants' State Bank of Richardton,* 61 N.D. 351, 237 N.W. 810, 812 (1931) ].

We hold that an auditor's duty to search the file of tax payment receipts for a secondary address of the taxpayer and to mail the notice to that address upon return of an undelivered notice mailed in accordance with § 57–28–04 is not a discretionary act within the meaning of § 32–12.1–03(3)(c). The record in this case does not show that the county auditor complied with this duty when the notice of expiration of period of redemption was returned from the Lyndale Avenue address and marked "moved order expired."

Because neither the county treasurer nor county auditor performed their nondiscretionary duties required by law, we conclude that Westhope and Bottineau County are not immune from suit under § 32–12.1–03(3)(c). Accordingly, we reverse the summary judgment dismissing Insilco's action and remand for trial.

GIERKE, VANDE WALLE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.